UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KHALIL ELBANNA,

    Plaintiff,

vs.        Case No. 3:07-cv-926-J-32MCR

CAPTAIN D'S, LLC, a Delaware limited liability
company,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion for Leave to Amend Answer (Doc. 13) and Motion for Entry of Proposed Order (Doc. 17). In Plaintiff's Motion for Leave to Amend, he filed a 3.01(g) statement stating Plaintiff did not agree to Defendant's request to amend his Answer; however, on August 6, 2008, Defendant filed a Notice of an Amended Certificate of Compliance, stating Plaintiff does not oppose Defendant's request to Amend its Answer. Accordingly, Defendant's Motion for Leave to Amend (Doc. 13) is unopposed and this matter is ripe for judicial review.

## **I. BACKGROUND**

Plaintiff filed its Complaint in this Court on September 28, 2007, alleging racial discrimination pursuant to 42 U.S.C. § 1981 and common law defamation. (Doc. 1). Defendant filed an Answer on November 14, 2007 (Doc. 6); however, now Defendant seeks to amend its Answer to add a statute of frauds defense in light of testimony given by Plaintiff, in his deposition, regarding his reliance on certain oral representations

made by Defendant. Evidently Plaintiff stated that he relied on Defendant's verbal representation that Plaintiff was "approved" to open potential restaurant sites, but such representations were subsequently rejected by Defendant. (Doc. 14, p. 2). According to Plaintiff, based on Defendant's verbal representations, Plaintiff purchased several real estate properties and is now seeking damages based on his alleged losses he incurred on such purchases. Therefore, Plaintiff ties the purchase of this real estate to his damages and Defendant seeks to amend his Answer to include a statute of frauds defense which precludes Plaintiff from seeking real estate damages based on oral representations.

## II. ANALYSIS

When a party seeks to amend a pleading after the scheduling order has been entered, Rule 16(b) of the Federal Rules of Civil Procedure applies rather than Rule 15. See Tampa Bay Storm, Inc. v. Arena Football League, Inc., 1998 WL 182418 *1 (M.D. Fla. 1998). Unlike Rule 15, which provides that leave to amend "shall be freely given when justice so requires," Rule 16(b) dictates that a scheduling order "shall not be modified except upon a showing of good cause." Rule 15 Fed.R.Civ.P. and Rule 16(b) Fed.R.Civ.P.

Here, on January 8, 2008 the Court entered its Case Management and Scheduling Order, which set January 22, 2008 as the deadline for seeking amendments. (Doc. 10, p. 1). However, the Court's order also notified counsel, "[i]f promptly raised, the deadline for amending pleadings is subject to extension based on new discovery or other good cause." (Doc. 10, p. 2). Plaintiff asserts that amendment

of its answer will not cause prejudice to Plaintiff because it will not necessitate additional discovery.  (Doc. 14, p. 5).  Further, Plaintiff asserts the amendment is a direct response to a supplemental legal theory raised by Plaintiff in his deposition.  Id.   Because Plaintiff's Motion for Leave to Amend is unopposed and because Plaintiff has demonstrated the requisite good cause for amending its Answer, the Court finds Plaintiff's Motion for Leave to Amend is due to be **granted**.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendants' Motion for Leave to Amend Answer (Doc. 13) is **GRANTED.**

2. Defendant's Motion for Entry of Proposed Order (Doc. 17) is **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  7th   day of August, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party